**Rosa AMPARO; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–72025.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Susan E. Hill, Hill & Piibe, Los Angeles, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq. Fax, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Rosa Amparo and her son, Carlos Ernesto Amparo Martinez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review in part and grant in part for the limited purpose of reinstating the IJ's voluntary departure period.

Substantial evidence supports the agency's determination that petitioners failed to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

meet the ten-year continuous physical presence requirement where Rosa Amparo conceded that she entered the United States in 1989, and Carlos Amparo conceded that he entered in 1993, and the Notice to Appear was properly served in 1998. *See* 8 U.S.C. § 1229b(b)(1)(a); *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004).

Rosa Amparo's contention that the IJ violated due process is unavailing because she failed to demonstrate prejudice. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.